UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>           Plaintiff,<br><br>     v.<br><br>P. MORALES,<br><br>           Defendant. | No. 1:25-cv-00051 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY:<br><br>(1) THIS MATTER SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>See Heck v. Humphrey, 512 U.S. 477 (1994),<br><br>AND<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AS MOOT<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE IN SEVEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below Plaintiff will be ordered to show cause: (1) why this matter should not be summarily dismissed as violative of Heck v. Humphrey, 512 U.S. 477 (1994), and (2) why Plaintiff's application to proceed in forma pauperis should not be denied as moot.

1

1  Plaintiff shall have seven days to file the showing of cause.

## I. PLAINTIFF'S COMPLAINT

### A. Relevant Facts

The Court takes judicial notice of the following: A review of the complaint in this case seems to indicate that it is a motion for reconsideration of a habeas matter that Plaintiff previously had before this Court, and which was dismissed with prejudice on December 21, 2023. See, McPherson v. St. Andre, No. 2:23-cv-01014 WBS KJN ("St. Andre"). See generally ECF No. 1. Specifically, the instant pleading references actions that were taken by Supervising Deputy Attorney General Tami Krenzin in St. Andre. See id. at 3, 9 (referencing decline consent form filed on 8/18/23 in St. Andre); see also St. Andre, ECF No. 24 (consent/decline form filed on 8/18/23). In addition, Plaintiff repeatedly asserts throughout the pleading that based on what occurred in St. Andre, he is being falsely imprisoned and as such he is entitled to immediate release from prison. See ECF No. 1 at 3, 5, 8-9, 16.

### B. Remedy Sought

Plaintiff seeks his immediate release from prison with a cause of action for false imprisonment. ECF No. 1 at 8. He also seeks damages related to his loss of income and the length of time that he has been incarcerated. Id. Finally, Plaintiff seeks compensatory and punitive damages. Id.

## II. DISCUSSION

### A. Applicable Law

When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "Where success in a prisoner's [Section] 1983 damaged action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (brackets added).

1   Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of Plaintiff's conviction and sentence. See generally Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

B.  Analysis

Plaintiff's contention that he is being falsely imprisoned can only be pursued in a habeas corpus action, not a Section 1983 one. Additionally, Plaintiff cannot seek relief under Section 1983 for having been wrongfully convicted and imprisoned unless that conviction and sentence has been invalidated as Heck bars Plaintiff from bringing such claims under Section 1983.

Given these facts, the Court has no jurisdiction to consider Plaintiff's complaint under Section 1983. As a result, the Court must recommend that this matter be summarily dismissed for lack of jurisdiction and that his application to proceed in forma pauperis be denied as moot. Prior to doing so, however, Plaintiff will be ordered to show cause why the Court should not issue such an order. Plaintiff will be given seven days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why this matter should not be summarily dismissed for lack of jurisdiction and his application to proceed in forma pauperis be denied as moot.

2. Plaintiff shall have seven days from the date of this action to file the showing of cause.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

3

IT IS SO ORDERED.

    Dated: __**May 7, 2025**__          __/s/ Gary S. Austin__
                                                       UNITED STATES MAGISTRATE JUDGE