UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>P. MORALES,<br><br>Defendant. | No. 1:25-cv-00051 KES GSA (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>ORDER RECOMMENDING:<br><br>(1) PLAINTIFF'S COMPLAINT BE SUMMARILY DISMISSED FOR LACK OF JURISDICTION;<br><br>(ECF No. 1), AND<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND HIS MOTIONS FOR IMMEDIATE RELEASE BE DENIED AS MOOT,<br><br>(ECF Nos. 2, 9, 12)<br><br>PLANTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has also filed two motions requesting that he be released immediately. ECF Nos. 9, 12.

1

For the reasons stated below, the undersigned will recommend that this matter be summarily dismissed for lack of jurisdiction. In addition, it will be recommended that Plaintiff's application to proceed in forma pauperis and his two motions requesting immediate release be denied as moot. Plaintiff will be given fourteen days to file objections to this order.

## I. RELEVANT PROCEDURAL HISTORY

On January 13, 2025, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. The next day, Plaintiff's six-month prisoner trust fund account statement was docketed as well. ECF No. 6. Plaintiff's complaint names P. Morales, the warden at the California Substance Abuse and Treatment Facility, as the sole defendant in this case. See ECF No. 1 at 1-2. On March 28, 2024, Plaintiff filed his first motion which requested that he be released immediately. ECF No. 9.

On May 8, 2025, after reviewing the complaint, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction and why Plaintiff's application to proceed in forma pauperis should not be denied as moot. ECF No. 10. What the Court has construed as Plaintiff's response to the showing of cause, was docketed on May 19, 2025. ECF No. 11. In it, Plaintiff seems to assert that his State conviction, which forms the basis of his complaint which alleges that he is being falsely imprisoned and is therefore entitled to money damages and immediate release from custody, has been declared invalid by a State tribunal, and further declared invalid by this District's ruling in his habeas petition. ECF No. 11, at 1.

Plaintiff's second motion requesting immediate release was docketed. ECF No. 12.

## II. PLAINTIFF'S COMPLAINT

### A. Facts Alleged

The Court takes judicial notice of the following: A review of the complaint in this case indicates that it appears to be a request which asks the Court to reconsider its ruling in a habeas matter that Plaintiff had before this Court, McPherson v. St. Andre, No. 2:23-cv-01014 WBS KJN ("St. Andre"). See generally ECF No. 1. Specifically, Plaintiff's complaint references actions that were taken by Supervising Deputy Attorney General Tami Krenzin in St. Andre. See id. at 3,

9 (referencing decline consent form filed on 8/18/23 in St. Andre); see also St. Andre, ECF No. 24 (consent/decline form filed on 8/18/23). St. Andre is a habeas case. See generally St. Andre, ECF No. 1 (habeas petition).

Plaintiff wrongly argues that he is entitled to immediate release because in St. Andre, after the Court had ordered Respondent to file a response to the habeas petition that Plaintiff had filed in that case, counsel for Respondent, Supervising Deputy Attorney General Tami Krenzin, filed a consent / decline form with the Court that purportedly declined the presiding magistrate judge's jurisdiction over St. Andre. ECF No. 1 at 3. Precisely what Plaintiff is attempting to argue thereafter is unclear. See generally id. Referring to the docket events in St. Andre, Plaintiff writes:

> The Attorney General Tami M. Krenzin was directed by the United States Magistrate Judge Kendall J. Newman to file a return to an order to show cause 07/06/2023. Instead, Attorney General Tami J, Krenzin "decline jurisdiction of United States Magistrate Judge" 08/18/2023 which "refuses to plead or otherwise defend, at that time," "immediate release" from the California Department of Corrections and Rehabilitation, was required, and mandatory as a matter of law.

ECF No. 1 at 3 (errors in original).[1]

### B. Harm Caused and Remedy Sought

Plaintiff contends that as a result of his false imprisonment, he has experienced anxiety, fear, fright, grief, and a host of health problems. ECF No. 1 at 3. He further asserts that based on what occurred in St. Andre, he is being falsely imprisoned and is entitled to immediate release from prison along with monetary damages. See ECF No. 1 at 3, 5, 8-9, 16.

### III. PLAINTIFF'S SHOWING OF CAUSE

Plaintiff's document docketed on May 19, 2025, which the Court has construed as Plaintiff's response to its order to show cause is difficult to understand. See generally ECF No. 11. It is simply a string of sentences and caselaw strung together with little cohesiveness. See id.

---

[1] Then, on what appears to be a completely unrelated tangent, Plaintiff goes on to further argue that grievance decisions of the Office of Grievance and the Office of Appeals do not coincide with his abstract of judgment. ECF No. 1 at 3.

1  At one point, however, Plaintiff purports to argue that California law and federal law mandate
2  that a person be discharged from prison if a court has directed that an action against that person
3  be dismissed. Id. at 1-2. Incorrectly citing to Satterlee v. Wolfenbarger, 453 F.3d 362, 369-70
4  (6th Cir. 2006),[2] Plaintiff writes, "The very essence of habeas relief," Plaintiff states, "is to grant
5  immediate release." Id.

### IV.  APPLICABLE LAW

When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 11 S.Ct. 1090 (1991). "Where success in a prisoner's [Section] 1983 damaged action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (brackets added).

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of Plaintiff's conviction and sentence. See generally Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

### V.  DISCUSSION

In Plaintiff's referenced habeas petition which he filed in this District, and which

---

[2] In Satterlee, the citation that Plaintiff references simply states, "The state argues that this remedy [of expungement of the record] was improper because a district court's only power when granting a writ of habeas corpus is to order the release of the prisoner." Satterlee, 453 F.3d at 369-70 (brackets added).

1    Plaintiff references in his complaint, he similarly requested "immediate release." Plaintiff's

2    prior habeas petition was docketed on May 30, 2023 and later dismissed with prejudice on

3    December 21, 2023. See, 23cv1014-WBS-KJN, Doc Nos 1, 71&72. In that case Plaintiff filed

4    approximately 40 motions requesting immediate release. To date he has filed two (2) such

5    motions in the instant case. Relevantly, in the referenced habeas case, the California Attorney

6    General filed a motion to dismiss and in it set forth the history of Plaintiff's five (5) State habeas

7    petitions, significantly all were denied (Id. Doc. No 26), as was the habeas petition Plaintiff filed

8    in this District.

## VI. IN SUM

It clearly appears that this complaint is yet another attempt by Plaintiff to gain immediate release from prison following six (6) prior unsuccessful habeas petitions. **First**, as stated above, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of an underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). **Second,** a district court is not permitted to convert a civil rights action to a habeas petition. Rather, the Ninth Circuit has instructed that a civil rights complaint seeking habeas relief should be dismissed without prejudice to the plaintiff's filing of a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Thus, to the extent Plaintiff seeks the assistance of this Court in his efforts to obtain release, that request must be dismissed.

For these reasons, the Court has no jurisdiction to consider Plaintiff's complaint under Section 1983. The undersigned therefore recommends that this matter be summarily dismissed for lack of jurisdiction and that his application to proceed in forma pauperis and his two motions for immediate release be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This matter be SUMMARILY DISMISSED for lack of jurisdiction. See Heck v. Humphrey, 512 U.S. 477 (1994);

2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as MOOT;

3. Plaintiff's motion for immediate release (ECF Nos. 9, 12) be DENIED as MOOT, and

4. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 2, 2025**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE

6